JOHN M. FAIN, Admr., v. J. J. GALBRAITH et al.

Eastern Section. March 15, 1930.

Petition for Certiorari denied by Supreme Court, June 28, 1930.

Smith, Carlock & Poore, of Knoxville, for appellant.
W. W. Piper, of Knoxville, for appellee.

PORTRUM, J. This controversy involves a balance of attorney fees due upon a $3000 note executed by J. J. and H. H. Galbraith, and secured by collateral attached.

Suit was instituted by the administrator of the holder and shortly thereafter the makers entered into a written indulgent agreement, acknowledging the justness of the demand, and agreeing to pay the principal, interest and attorney fees at the rate of $500 every ninety days until the whole of the demand was paid, together with the cost of the suit then pending, provided the complainant would stay further proceedings until default of the agreement.

Five $500 payments were made, over an indefinite time, and then the Galbraiths wanted to take down and use the collateral security. This was agreed to on condition that the balance due would be reduced to a note to be secured by personal endorsement. Mr. Forrest Andrews, who had made the agreement for his client, the complainant, directed his stenographer to calculate the amount due on the original $3000 note. She found the amount to be $463.75 and a note for this amount was executed by Mr. J. J. Galbraith with Mr. Adolph Schmidt as endorser. Mr. H. H. Galbraith did not sign this note. The collateral was delivered and in time the note was paid and surrendered with the endorsement "paid in full." Mr. Andrews communicated these facts to his client, who informed him he had not

·calculated the interest correctly, since there was interest due on interest. When the note was paid, this fact was called to Mr. Galbraith's attention, and he paid, in addition to the note, the correct amount of interest.

When Mr. Andrews attempted to make final settlement with his ·client, to whom he had been sending the payments in full, he discovered his stenographer had made another mistake in the calculation made before the execution of the $463.75 note and she had failed to calculate and include ten per cent attorneys' fees. Demand was made and not paid.

An original bill, which was in the nature of a supplemental bill, was filed alleging these facts, and praying for a recovery. The relief was resisted.

The Chancellor heard the two cases together and found as a fact that the aforesaid agreement was made (which was not disputed) and that complainant was entitled to recover $372.

The Galbraiths appealed, but neglected to perfect the appeal, and have brought the case here by writ of error. J. J. Galbraith insists the $463.75 note included all that was due and embraced the attorneys' fees. H. H. Galbraith contends that the $463.75 note was a novation and paid the debt in full and since he was not liable on the new note, his liability was extinguished by the novation.

They both insist that the first bill is still pending which seeks a recovery for the same debt and the last cannot be maintained.' As stated, the two bills were heard together and disposed of by the same decree which will readily appear by inspection.

The Chancellor did not find any fact that was in controversy and we may, properly, decline to entertain the assignment raising questions of fact because of the absence of a finding of facts. However, we have looked to the facts.

The stenographer says she failed to calculate and include the attorney fees. The mistake was discovered when Mr. Andrews attempted to collect the fee from his client. It was called to Mr. Galbraith's attention, and he does not ·claim to have made any calculation of the amount due. He says the note represented the amount due. But he admits he made all payments by checks and he presents all that the complainant concedes receiving. He is not able to show by other evidence that the fee was included and paid. The payments were $500 each until the last. If he made another $500 payment, he paid too much, and he does not attempt to account for a lesser payment. We think the proof clearly supports the conclusion that there was a mistake, and there remained due on the original note the attorney fee after the execution of the $463.75 note.

If this is true, H. H. Galbraith was not relieved of liability on the original debt which was not included in the new note. If it were a novation and payment, it only paid its face. A payment by note can stand no higher than a payment by cash.

There is no error in the decree, and it is affirmed. A judgment will be entered on the supersedeas bond for the debt and costs.

Snodgrass and Thompson, JJ., concur.